UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERI A. JORDAN, as Personal
Representative of the Estate of
Gerald E. Childress,

       Plaintiff,

v.

       Civil Case No. 17-13423
       Honorable Linda V. Parker

NATIONAL INDEMNITY
COMPANY,

       Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR APPROVAL OF SETTLEMENT AND DISTRIBUTION OF SETTLEMENT PROCEEDS

On October 20, 2017, Gerald Childress filed this lawsuit against Progressive Michigan Insurance Company ("Progressive"), seeking no fault insurance benefits for injuries sustained in an October 20, 2016 motor vehicle accident. Mr. Childress filed an Amended Complaint three days later, adding Defendant National Indemnity Company ("National") as a defendant. (ECF No. 3.) The Amended Complaint no longer identified Progressive as a defendant, and thus it was dismissed as a party. Shortly thereafter, Mr. Childress passed away and Jasmine Dallas, the Personal Representative of his estate, was substituted as the plaintiff.

(ECF No. 16.) Teri A. Jordan subsequently was substituted as the Personal Representative of Mr. Childress' estate. (ECF No. 47-11.)

On November 29, 2018, the Court referred the matter to Magistrate Judge Anthony P. Patti for a settlement conference. (ECF No. 27.) Between June 19, 2019 and July 6, 2020, Magistrate Judge Patti met multiple times with the parties and diligently worked toward a resolution of the matter. Due to Magistrate Judge Patti's efforts, a settlement was reached on July 6, 2020, and a motion to approve the settlement and the distribution of the settlement proceeds is now pending before the Court. (ECF No. 47.)

On August 10, 2020, the Court issued a notice indicating that the motion would be decided without oral argument. (ECF No. 50.) The Court further instructed that any objections to the motion, including the distribution of the settlement proceeds must be filed within fourteen days of the notice. (*Id*.) The only objection was received from National Indemnity Company. (ECF No. 51.) National Indemnity does not object to the settlement or the distribution of the settlement proceeds, but only seeks language in any approval order making clear that its payment of the agreed settlement amount ($180,000.00) ends any and all further obligation on its part as to claims relating to Mr. Childress or arising out of the October 20, 2016 motor vehicle accident. (*Id*.) Plaintiff responded to National Indemnity's objections, indicating that she "understands and acknowledges that

2

this settlement is a full and final settlement of any and all claims, whether identified or not identified, arising from the collision and Mr. Childress' death. (ECF No. 52 at Pg ID 595.)  Plaintiff further indicates that she is "open to any language that expresses [this] clearly …."  (*Id.* at Pg ID 596.)

The Court has reviewed the parties' settlement agreement and the proposed division of the settlement proceeds.  Plaintiff's submission suggests that, aside from litigation expenses incurred by Plaintiff's counsel (which will be paid in full and include probate bills), the individual and family who provided attendant care and replacement services to Mr. Childress and Plaintiff's counsel will be paid 73.3% of what they are owed.  (ECF No. 47-6.)  Plaintiff has provided affidavits from the attendant care and replacement services providers, indicating that they have agreed to reduce the sum of their claims to the amounts set forth in the proposed distribution of proceeds.  (ECF No. 52-1 at Pg ID 600; ECF No. 52-2 at Pg ID 603.)  The Court finds this to be a fair and reasonable resolution of this matter and designates Plaintiff as the proper payee for the settlement proceeds at this time.

In exchange for National Indemnity's agreement to pay Plaintiff $180,000.00, Plaintiff has agreed to release National Indemnity from any future liability, whether known or unknown, related to Mr. Childress or arising from the October 20, 2016 motor vehicle accident.

Accordingly,

**IT IS ORDERED** that Plaintiff's Amended Motion for Approval of Settlement and Distribution of Settlement Proceeds (ECF No. 47) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff is designated as the proper payee for the settlement proceeds ($180,000.00) and, upon receiving those proceeds, shall distribute them as set forth in the proposed distribution plan;

**IT IS FURTHER ORDERED** that within seven (7) days of this Opinion and Order, Plaintiff shall execute the Release attached as Exhibit A to Defendant's objections and the release is adopted and incorporated-by-reference into this Opinion and Order as if fully stated herein.

**IT IS FURTHER ORDERED** that this Court will not retain jurisdiction over this matter and it is **CLOSED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 2, 2020